## In re SIERRA SALT CORPORATION.

District Court, D. Nevada.

Nov. 13, 1934.

C. E. Spencer, of Los Angeles, Cal., and Arthur F. Lasher, of Reno, Nev., for debtor.

Miller & Ellis, of Los Angeles, Cal., and H. H. Atkinson, of Reno, Nev., for J. Hartley Taylor.

NORCROSS, District Judge.

The above-named debtor, a corporation organized under the laws of the state of Nevada with principal place of business at Los Angeles, state of California, filed its petition for relief under section 77B of the Bankruptcy Act as added by Act June 7, 1934 (11 USCA § 207). The petitioning debtor declares "that it is necessary that this petition be granted by this Court, and a reorganization of your petitioner effected, in order to protect and preserve property of petitioner, and property on which it has paid large sums of money toward the purchase thereof, and to protect and secure to the general creditors of the debtor a recovery upon their claims." The petition then sets forth what is asserted to be the matters required by said section as amended to be shown in substance as follows:

(a) That the business of the debtor is the mining of natural salt upon claims owned by it and upon lands claimed by it in the county of Inyo, state of California; the operation of a tram line from said property thirteen miles to a point adjacent to rail transportation, the refining of the product, and the marketing thereof.

(b) That the assets of the debtor consist of several parcels of land to which an absolute fee title is claimed; a leasehold right for the use of certain additional lands; a large amount of equipment, supplies, and material, title to which is owned and claimed in fee; also a promissory right to additional lands, a right to the possession of said tram line, together with mills, equipment, and supplies on said properties, claimed by debtor under and by virtue of a contract for the sale thereof, under the provisions of which contract $60,000 has been paid to the sellers and upon which there is a balance due of $27,680 with accrued interest. That the total value of the assets is, under ordinary conditions, the sum of not less than $500,000; that at the present time the actual cash sale value is undeterminable.

(c) That the liabilities of the debtor total the sum of $281,204.06, not including interest on an undetermined liability for the costs and charges of a receivership pending in the United States District Court for the Southern District of California, Central Division.

(d) That the capital stock of the debtor consists of 2,000,000 shares of the par value of $1 each, of which stock 300,000 shares is preferred and entitled to a preference dividend at the rate of 8 per cent. per annum, cumulative.

(e) That debtor has no cash; that its property has been taken from its possession by a receiver appointed by the court above mentioned; that, in addition to said indebtedness, stockholders have invested sums exceeding $300,000; that said property, if conducted under a reorganization plan now in process of formation, is of a character and value such that its creditors can be paid a fair and equitable sum and the stockholders ultimately recover a return of some portion of their investment; that proceedings have been had in the said District Court for the Southern District of California in which certain creditors and the receiver were represented and tentative orders thereon entered, "the effect of which will be to deprive the debtor of all its property and to turn the same over to one of its creditors"; that said receiver has now no cash available wherewith to appeal from said orders.

(f) That one J. J. Newell, in 1932, commenced an action against debtor to collect sums due him, in which action said court appointed Walter C. Fraser said receiver, that said proceedings are now pending, and that by permission of said court one J. Hartley Taylor has intervened.

(g) That the petition in intervention of said J. Hartley Taylor was for delivery to him by said receiver of all the property of debtor in the possession of said receiver except certain office records and papers of no substantial value; that the claims of said Taylor are upon said contract and upon the ground that the debtor and said receiver are in default under said contract, and because of which default said Taylor is entitled to the immediate possession of all the property described in said contract; that in said proceeding the court made and entered a summary order directing said receiver to deliver to said Taylor the property described in said contract; that, if said order becomes final and relief is not granted the debtor, no other creditor will receive any sum or part of his claim and all equities of the stockholders will be lost.

(h) That the debtor because of said receivership and the financial condition of the United States has been unable to secure financial relief to protect and preserve its property; that, if this petition is granted, debtor will be able to effect a plan for its reorganization whereunder all the creditors of the debtor will be protected.

The prayer of the petition reads: "Wherefore, the debtor prays that this court make and enter its order approving this peti-

tion, and make and enter all orders during the pendency of the proceedings hereunder necessary and proper to the exercise of the powers of this court under said section 77B."

Upon filing said petition, a formal order was submitted which was signed and filed, which order among other matters adjudged the petition to be "in due form"; that the debtor "is entitled to relief under said Act"; that "until the further order of the Court the debtor shall retain possession * * * for this Court, and all persons * * * including all receivers * * * shall forthwith deliver the same to the debtor"; that this order "shall cover all of the property heretofore in dispute between" debtor "and one J. Hartley Taylor" and enjoins from interfering with the possession and from seeking to enforce the order obtained in the District Court for the Southern District of California; that said debtor present to this Court a plan for reorganization; that notice be given to said J. Hartley Taylor of this order and such notice be published in the Los Angeles Daily Journal of a hearing to be had July 30, 1934; that "this Court may modify this order at any time on hearing after notice to enable it to carry out the provisions of said statute."

On July 31, 1934, a petition was filed by J. Hartley Taylor for an order of this court vacating the said order of July 5th and dismissing all proceedings herein, or for an order transferring this proceeding to the District Court of the United States for the Southern District of California, Central Division. The Taylor petition denied certain of the allegations of debtor's petition, attached a copy of the contract therein, and in debtor's petition referred to, and copies of orders made by the said California District Court. At the time of filing said petition said Taylor also filed a notice of motion and motion for an order in accordance with the prayer of said petition.

On August 9, 1934, the debtor filed a notice of motion to be made August 15th, to strike from the files the said Taylor petition "upon the ground that the said document is not a petition for a transfer of proceedings as provided in the Bankruptcy Act, nor an answer to the petition of the debtor herein, as allowed by said Bankruptcy Act." Subject to said motion to strike the petition, the notice also covered the striking of certain portions thereof. On August 10th, upon application of debtor, an order was entered that debtor's said motion to strike "be heard and disposed of before hearing upon the merits of said document filed herein by said J. Hartley Taylor, and that said debtor have to and including August 15, 1934, in which to prepare, serve and file such answer or reply to said document, * * * or such denial of the facts alleged therein, as said debtor may deem advisable." Such answer or reply was not filed at the time designated in the order, but a reply was filed by debtor on August 24th following.

On August 15, 1934, the said petition and the motion of said Taylor to vacate the order of July 5th, and to dismiss the proceedings or to transfer said proceedings, and the motion of debtor to strike from the files said Taylor petition and, subject thereto, to strike certain portions thereof, came on for hearing. Upon the hearing, the court denied debtor's motion to strike from the files the said Taylor petition, and, as the court understood, the said Taylor petition and motion were submitted, subject to the right of debtor to file reply to said Taylor petition. Such reply was filed August 24, 1934. Thereafter, on September 7, 1934, the court made and entered an order "that said proceeding be, and hereby is, transferred to the District Court of the United States for the Southern District of California, Central Division."

On September 17th debtor filed a petition for a rehearing of said order of transfer, and upon such petition the court issued an order to show cause why such rehearing should not be granted and said order vacated. The said order to show cause was granted because of alleged inadvertence upon the part of the court in supposing that the matter of the Taylor petition for transfer had been submitted and that counsel for debtor believed it was understood by court and counsel that said petition for transfer was not submitted and that an argument and hearing would be had thereon before decision. Prior to hearing upon said order to show cause, counsel for debtor filed and served a notice of motion to correct the minutes of the court of August 15, 1934. The order to show cause and motion to amend the minutes came on for hearing at the time noticed, October 3, 1934.

The proceedings have been detailed at considerable length, for the reason the court is dealing with a new statute. Upon a review of the entire proceedings, the court is convinced that the order of transfer was not only not inadvertently made at a time when the petition and motion to transfer were not properly before the court for determination, but the further hearing had upon the petition for a rehearing has not developed any

persuasive reason why a different order should have been or should be made. Upon the contrary, it has made even more clearly apparent that this proceeding should be heard and determined in that court, the sessions of which are held in the city of Los Angeles, where the principal office of the debtor is located, where the major portion of its creditors and stockholders reside, and in which court important litigation affecting claimed property rights of the debtor has been and now is pending. Against all these reasons why the transfer should be made appear the facts that the debtor is a Nevada corporation and "that its property and records relating thereto are in Inyo County, California, as near to this court as to said United States Court in California."

The petition of J. Hartley Taylor for dismissal or transfer sets out certain of the proceedings in the court for the Southern District of California. The original files were introduced in evidence upon the hearing on August 15th. It appears therefrom that a decree was entered on June 19, 1934, among other matters providing: "That the said receiver Walter C. Fraser immediately deliver the possession of all the property both real and personal described in said contract * * * to said petitioner J. Hartley Taylor. * * * "

The property referred to in said decree is a material portion of the property claimed by debtor.

The reply of debtor to the Hartley petition, filed August 24, 1934, contains, among other allegations, the following: "Debtor is informed and believes, and therefore alleges, that said bill of complaint was in truth and in fact a complaint on the law side of said court, and not in equity; that by reason of the facts herein alleged all of the proceedings had and taken in said United States District Court, for the Southern District of California, in said matter so brought by said Newell, were and are void, and that said court did not at any time have jurisdiction to appoint a receiver of the property of this debtor, nor jurisdiction of the proceedings taken by said Taylor in said matter, as alleged in his petition, and that no facts are alleged in said bill of complaint sufficient to constitute a petition in equity under the laws of the United States, and that all of the proceedings in said matter mentioned in the petition of said Taylor, and referred to therein, were and are void."

From the allegations last above quoted it appears that, if this court should vacate the order of transfer and retain jurisdiction of the proceeding, it would, among other matters, be called upon to determine the legality of proceedings in a court of co-ordinate jurisdiction—a matter which it has no power to consider.

So much of the statute, section 77B (11 USCA § 207), as pertains to the court in which a debtor's petition may be filed and the matter of transfer, reads: "The petition shall be filed with the court in whose territorial jurisdiction the corporation, during the preceding six months or the greater portion thereof, has had its principal place of business or its principal assets, or in any territorial jurisdiction in the State in which it was incorporated. The court shall upon petition transfer such proceedings to the territorial jurisdiction where the interests of all the parties will be best subserved."

It is clear, not only from the fact that the principal place of business of the debtor is in the city of Los Angeles, where also the major portion of its creditors and stockholders reside, but also because of the litigation respecting property claimed by debtor which has been pending in the United States District Court in that city, that the interests of all parties will be best served by a transfer of the proceedings.

The only other matter for consideration is whether the order of transfer was made at a time before the petition therefor was under submission, and, if so, whether it is now under submission. The minutes of the court, among other matters, recite: "Following further short arguments by Messrs. Herbert N. Ellis and C. E. Spencer, the petition of J. Hartley Taylor for vacation of order and dismissal of proceedings or for transfer of proceedings, objections to order and answer of J. Hartley Taylor are submitted to and by the Court taken under advisement." This substantially is a correct minute of what occurred at that hearing, with the possible exception that the words "petition and answer" should have been used instead of the word "answer." It may here appropriately be noted that Messrs. Spencer and Ellis are apparently chief counsel respectively for debtor and petitioner Taylor, and that they also reside at Los Angeles. It here also may appropriately be noted that at the time of filing debtor's notice of motion to strike the Hartley petition an application was made for an order extending time to answer or reply thereto until "five days from and after the decision of the court upon his said motion." The

926

application for an extension of time to answer or reply was granted, but the time was fixed "to and including August 15, 1934," the time noticed for the hearing of the Taylor motion and petition. Such answer or reply was not filed at the time so fixed and not until nine days later. The court did not pass upon the motion to dismiss until after an examination of debtor's reply to the Hartley petition. As before stated, that reply, in the opinion of the court, did not set forth any substantial reason why the motion to transfer should not be granted, but, upon the contrary, allegations contained therein challenging the legality of proceedings in the court at Los Angeles was a further impelling reason why the proceedings should be transferred to a court having power to deal with those questions as well as to consider the same in connection with any proposed plan of reorganization under said section 77B.

The statute, section 77B, not only specifies the courts of the territorial jurisdiction with which a debtor's petition may be filed, and 'first mentions that in which it has its principal place of business, but that provision is immediately followed by the further provision that: "The court shall upon petition transfer such proceedings to the territorial jurisdiction where the interests of all the parties will be best subserved."

It is manifest that Congress in enacting the statute deemed it a matter of the greatest importance that proceedings under this section be had in the court of that jurisdiction "where the interests of all the parties will be best subserved," and for that reason empowered and required the court with which a debtor's petition was filed, upon good cause shown upon petition, to transfer the proceedings.

By the issuance of the order to show cause why a rehearing of the order of transfer should not be granted upon debtor's petition therefor and the hearing held thereon, debtor has been given a further opportunity to make any showing it has why the proceedings should not be transferred and which through any misunderstanding of its counsel it did not make upon the original hearing. No showing has been made by debtor which in the view of this court would justify the vacation of the order of transfer heretofore made and the retention of the proceedings by this court or the granting of any further hearing.

The petition for a rehearing is denied.

The order of transfer heretofore made on September 7, 1934, is ratified and confirmed.

A. D. Slavitt, of South Norwalk, Conn., for receiver.

William H. Cable, of Danbury, Conn., for Concordia Soc. of Danbury, second mortgagee.

Abraham Weissman and Benjamin Slade, both of New Haven, Conn., for creditors.

Ives & Keating, of Danbury, Conn., for Town of Danbury, Tax Department.